IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,207






EX PARTE JOSE ERNESTO MEDELLIN 








ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM CAUSE NO. 675430 IN THE 339TH DISTRICT COURT


OF HARRIS COUNTY





 Per Curiam.

 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure, Article 11.071, section 5.

 On September 16, 1994, a jury convicted applicant of the offense of capital murder. 
He was sentenced to death on October 11, 1994. This Court affirmed applicant's conviction
and sentence on direct appeal. Medellin v. State, No. AP-71,997 (Tex.Crim.App. March 19,
1997). 



 Medellin -2-

 Applicant timely filed an application for writ of habeas corpus in the convicting court
and, for the first time, raised a claim alleging the violation of his rights under Article 36 of
the Vienna Convention. The convicting court recommended that we deny this claim because
applicant: (1) had failed to comply with the well-settled Texas contemporaneous-objection
rule at trial; and (2) had no individually enforceable right to raise a claim, in a state criminal
trial, regarding the Vienna Convention's consular access provisions. We adopted the trial
court's findings of fact and conclusions of law and denied habeas relief. Ex parte Medellin,
No. 50191-01 (Tex. Crim. App. October 3, 2001) (not designated for publication).

 Applicant then filed a writ application in the federal district court, making the same
claim. The federal district court, like this Court, denied relief on applicant's Vienna
Convention claim, and it also denied a certificate of appealability. Medellin v. Cockrell, Civ.
No. H-01-4078 (S.D. Tex. April 17, 2003). The federal district court concluded that (1)
applicant defaulted on his Vienna Convention claim under the "adequate and independent
state procedural rule" applied by the Texas state courts; (2) the Vienna Convention did not
create individually enforceable rights and, hence, no judicial remedy is available for its
enforcement; and, alternatively, (3) if the Vienna Convention did create individual rights,
applicant was barred from asserting them by federal retroactivity principles set out by the
Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and (4) applicant could not
demonstrate that the violation of the Vienna Convention affected the constitutional validity
of his conviction and sentence. 


 Medellin -3-

 Applicant then filed for a certificate of appealability in the Fifth Circuit Court of
Appeals. While that matter was pending, the International Court of Justice (ICJ) issued a
decision in Case Concerning Avena and Other Mexican Nationals (Avena), 2004 I.C.J. No.
128 (March 31, 2004). The ICJ held that (1) the Vienna Convention guaranteed individually
enforceable rights; (2) the United States must "provide, by means of its own choosing,
review and reconsideration of the convictions and sentences of the [specified] Mexican
nationals"; and (3) the United States must determine whether the violations "caused actual
prejudice" to those defendants, without allowing American procedural default rules or laws
to bar such review. Id. at 121-22, 153. The Fifth Circuit, although acknowledging the 
Avena decision, denied applicant's request for a certificate of appealability. Medellin v.
Dretke, 371 F.3d 270 (5th Cir. 2004). First, it relied upon the Supreme Court's decision in
Breard v. Greene, 523 U.S. 371 (1998) (per curiam) in applying state and federal procedural
default rules as a bar. Second, it relied upon its own prior holdings, such as United States
v. Jimenez-Nava, 243 F.3d 192, 195 (5th Cir. 2001), to conclude that the Vienna Convention
did not create an individually enforceable right. Medellin, 371 F.3d at 279-80.

 The United States Supreme Court granted certiorari in applicant's case to consider two
questions: 

 first, whether a federal court is bound by the International Court of Justice's
(ICJ) ruling that United States courts must reconsider petitioner Jose
Medellin's claim for relief under the Vienna Convention on Consular
Relations ... without regard to procedural default doctrines; and second,
whether a federal court should give effect, as a matter of judicial comity and
uniform treaty interpretation to the ICJ's judgment.


 Medellin -4-

Medellin v. Dretke, ___ U.S. ___, 2005 U.S. LEXIS 4344, *1 (May 23, 2005). After full
briefing and oral argument, the Supreme Court dismissed the writ as improvidently granted. 
Id. at * 10. The Supreme Court explained that more than two months after granting certiorari
and one month before oral argument, "President Bush issued a memorandum that stated that
the United States would discharge its obligations under the Avena judgment by 'having State
courts give effect to the [ICJ] decision in accordance with general principles of comity.'" 
Id. at *5. Further, just four days before oral argument, applicant filed a subsequent writ
application in state court and requested that the Supreme Court stay its proceeding pending
our consideration of the same issues that applicant raised in the Supreme Court. Id.

 In dismissing applicant's case, the Supreme Court set out "several threshold issues
that could independently preclude federal habeas relief for Medellin, and thus render
advisory or academic our consideration of the questions presented." Id. at 6. Those issues,
some of which are similar to the threshold issues that might independently preclude this
Court from granting habeas relief on applicant's claim, are


 "[E]ven accepting, arguendo, the ICJ's construction of the Vienna
Convention's consular access provisions, a violation of those provisions may
not be cognizable in a federal habeas proceeding."

 "[W]ith respect to any claim the state court 'adjudicated on the merits,' habeas
relief in federal court is available only if such adjudication 'was contrary to,
or an unreasonable application of, clearly established Federal law as
determined by the Supreme Court.'"

 "[A] habeas petitioner generally cannot enforce a 'new rule of law.'"





 Medellin -5-



 "Medellin requires a certificate of appealability in order to pursue the merits
of his claim on appeal. ... A certificate of appealability may be granted only
where there is 'a substantial showing of the denial of a constitutional right.'"

 "Medellin can seek federal habeas relief only on claims that have been
exhausted in state court."



Id. at *6-10. Based upon the Supreme Court's action in dismissing its case, applicant's
subsequent writ is now ripe for consideration by this Court. But we, like the United States
Supreme Court, must first determine whether state law, like corresponding federal law, might
preclude review of applicant's claim.

 Therefore, as a threshold matter, we order applicant to brief the issue of whether he
meets the requirements for consideration of a subsequent application for writ of habeas
corpus under the provisions of Article 11.071, section 5, of the Texas Code of Criminal
Procedure. Applicant's brief shall be filed in this Court on or before July 29, 2005. The
State of Texas shall respond on or before August 31, 2005. 

 The Attorney General of the United States is invited to present the views of the United
States.

 This case is set for submission to the Court on September 14, 2005. Oral argument
on that date shall be permitted if so requested by either party.

 IT IS SO ORDERED ON THIS THE 22ND DAY OF JUNE, 2005. 


Publish